IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAX McLAUGHLIN, Individually and on behalf of all others similarly situated | § § § § | PLAINTIFF |
| v. | § § | CAUSE NO. 1:01CV228 LG-JMR |
| MISSISSIPPI POWER COMPANY, ET AL. | § § § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING MISSISSIPPI POWER COMPANY'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [219] filed by Defendant Mississippi Power Company. The Plaintiff, Max McLaughlin, has responded with both a request for additional discovery pursuant to Rule 56(f) and argument on the merits. MPC has replied. After due consideration of the submissions, the record in this case and the relevant law, it is the Court's opinion that there are no factual issues requiring additional discovery. MPC has shown there is no question of material fact for the jury. Accordingly, summary judgment will be granted and the case dismissed.

FACTS AND PROCEDURAL HISTORY

This case has an extensive history. McLaughlin initially filed suit against Mississippi Power Company on behalf of himself and a class of others similarly situated in 2001.[1] McLaughlin's description of his claim against MPC is that MPC

---

[1] Both McLaughlin and a consolidated plaintiff, Interstate FiberNet Inc., moved for class certification. Interstate FiberNet's motion was denied by Order dated February 19, 2003. McLaughlin's motion has not been taken up by the Court.

abuses its easements by installing excess fiber optic cable and leasing the excess capacity to third parties. He contends that MPC has been unjustly enriched by this unauthorized access to and use of his land. MPC moved to join Worldcom, Inc. as a necessary party, as it was the third party using the excess capacity. The Court directed McLaughlin to file an amended complaint adding Worldcom as a defendant. Shortly thereafter, Worldcom declared bankruptcy, and the case was stayed for the duration of the bankruptcy proceedings in New York.

In the bankruptcy proceeding, McLaughlin filed a proof of claim on behalf of a potential class challenging MCI Worldcom's use of MPC's fiber optic cable. The Bankruptcy Court denied McLaughlin's request for discovery under FED. R. CIV. P. 56(f), finding, *inter alia*, McLaughlin had already conducted significant discovery against MPC. The Bankruptcy Court also granted MCI Worldcom's motion for summary judgment, holding that MCI Worldcom was not a party to the easement and so could not be liable for any breach of easement terms; there was no evidence that MCI physically invaded McLaughlin's property to install the fiber optic cables, nor was there an additional servitude created by transmitting light impulses through the cables under Mississippi law; there was no evidence of wrongdoing by MCI and therefore no unjust enrichment; and McLaughlin suffered no harm as a result of MCI's transmission of the light pulses through MPC's fiber optic cable. This ruling was appealed to the

---

Interstate FiberNet's claims have since been dismissed and the case closed. *Interstate FiberNet, Inc.* v. *37 Parcels of Real Prop., et al.*, No. 1:01cv324-LTS (S.D. Miss., filed Aug. 8, 2001).

District Court, which affirmed the Bankruptcy Court. The District Court's affirmance was appealed to the Second Circuit Court of Appeals. Before a ruling from the Second Circuit, McLaughlin voluntarily dismissed the appeal with prejudice.

The bankruptcy case having concluded, this case was reopened to allow for determination of pending motions. As the claims involving MCI Worldcom had been fully adjudicated in the bankruptcy case, McLaughlin's request for MCI Worldcom's dismissal was granted. Now under consideration is MPC's summary judgment motion seeking dismissal of McLaughlin's remaining claims.

## DISCUSSION

MPC contends that in view of the outcome of the litigation in New York, this entire case is ripe for dismissal as a matter of law. The Court agrees that certain conclusions of the New York District Court in regard to the claims against MCI Worldcom are also relevant to the claims against MPC. *In re Worldcom, Inc.*, 2010 WL 334980, No. 06 CV 2134 (BSJ) (S.D.N.Y. Jan. 29, 2010). Those are as follows.

First, the New York District Court found that MPC was authorized by the Mississippi Public Service Commission to construct, repair, maintain, and obtain easements necessary for a communications system. The Commission also authorized third party telecommunications companies, such as MCI, to use MPC's excess fiber optic capacity in exchange for financial assistance in completing the fiber optic system project. Under this authorization, MPC and MCI agreed that MPC would expand its network by using MCI's communication facilities on routes where MPC did not have existing facilities. In exchange, MCI was allowed to use excess fiber optic capacity on

the MPC system.

Second, Mississippi law recognizes trespass caused by an intangible invasion only to the extent that it causes physical damage to the property. *King v. Vicksburg Ry. & Light Co.*, 42 So. 204, 204-05 (Miss. 1906). McLaughlin identified no harm to his property resulting from the transmission of light pulses through fiber optic cable or that the transmission of telephone communications would impose any additional servitude beyond the agreed upon electrical transmissions. *See Ball v. Am. Tel. & Tel. Co.*, 86 So. 2d 42, 45 (Miss. 1956). Therefore, McLaughlin cannot maintain an action for intangible trespass against MCI Worldcom.

Third, the New York District Court found that under Mississippi law, the transmission of light impulses through fiber optic cable causes no additional servitude, meaning that no further compensation to the landowners is required. *Byrd v. Miss. Power Co.*, No. C102-0419, Findings of Fact and Conclusions of Law 1-2 (Forrest County, Miss. Cir. Ct. Sept. 9, 2004) (citing *Miss. Valley Gas Co. v. Boydstun*, 92 So. 2d 334, 340 (Miss. 1957)).

*The Easement and McDonald v. Mississippi Power Company*:

MPC obtained an easement over McLaughlin's property in 1964 that gave it "the right to construct, operate and maintain electric transmission lines and all telegraph and telephone lines, towers, poles and appliances necessary or convenient in connection therewith . . ." ECF No. 219-1 p.2. As both parties point out, the Mississippi Supreme Court held in the case of *McDonald v. Mississippi Power Company* that this language

gives MPC the right to install and maintain a fiber optics cable. *McDonald v. Miss. Power Co.*, 732 So. 2d 893, 897 (Miss. 1999). However, the court also held that in regard to MPC's right to sublease use of the cable, "[a]lthough it would not constitute an additional servitude on the property, MPC without more definite easements simply does not have the authority." *Id*. The court remanded the case because there was a question of material fact as to whether the sublease use was in connection with providing electricity and therefore authorized by the easement.[2] *Id* at 897-98.

Reviewing the state court records provided by the parties, it appears that after remand, the Chancellor determined that MPC's sublease was for a use "not in connection with supplying electricity." *McDonald, et al. v. Miss. Power Co.*, No. 4029, Judgment 7 (Jasper County, Miss. Ch. Ct.  June 30, 1999). The Chancellor then transferred the case to the Circuit Court, which held that the landowners were nevertheless not entitled to any damages for MPC's alleged trespass. *McDonald, et al. v. Miss. Power Co.*, No. 2065, Findings of Fact and Conclusions of Law 5 (Jasper County, Miss. Cir. Ct.  Jan. 6, 2006).

*McLaughlin's Allegations*:

McLaughlin alleges that MPC abused its easements by installing excess fiber optic cable and leasing the excess capacity to third parties. He contends that MPC has

---

[2] It appears to this Court that an argument could be made that this question has been answered as a matter of law. It could be concluded from the Mississippi Public Service Commission's action of authorizing third party use of MPC's excess fiber optic capacity in exchange for financial assistance in completing the fiber optic system project, the Commission has defined the third party use as "in connection with providing electricity."

been unjustly enriched by this unauthorized access to and use of his land. He argues that his claim is based on the same legal theory which was approved in *McDonald* for the same damages sought in *McDonald*, and therefore *McDonald* controls the liability in this case. Pl. Resp. 8, ECF No. 232.

The Court is unable to find any Mississippi law regarding a cause of action for abusive use of an easement. *McDonald* confirms MPC's right to install and maintain fiber optic cable on McLaughlin's property. Thus, McLaughlin may not bring an action for trespass against MPC based on the presence of the fiber optic cable.

*McDonald* also suggests that the subleasing of lines or strands within the cable for a use other than electrical generation may not be authorized by McLaughlin's easement. This brings into question whether there was an unauthorized intrusion on McLaughlin's property. However, a civil trespass cause of action in Mississippi includes three elements: 1) an intrusion upon the land of another without a license or other right for one's own purpose; 2) damage to the plaintiff as a result of physical invasion of the land; 3) credible evidence that the party charged is the party responsible for the tort. *Monsanto Co. v. Scruggs*, 342 F. Supp. 2d 602, 606 (N.D. Miss. 2004). The *McDonald* decision is relevant only to the first element of a trespass claim. MPC argues that McLaughlin's claim fails on the second element, because he cannot show damage as a result of physical invasion of the land. As discussed by the New York District Court, Mississippi law clearly provides that there is no additional servitude if a third party, rather than MPC, transmits light impulses through MPC's

fiber optic cable. As a matter of law, McLaughlin has suffered no damage from the third-party use of the fiber optic cable. The trespass claim therefore fails.

McLaughlin argues that if he can establish MPC installed the fiber optic cable "with the intent other than providing communication capability for providing power (e.g., selling access to third parties such as Worldcom), then Mississippi Power may be liable for trespass." Pl. Resp. 8-9, ECF No. 232. He does not provide any authority for this proposition. The intent required for civil trespass is "an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter." *Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 316 (Miss. Ct. App. 1999) (quoting Restatement (Second) of Torts § 163 cmt. b). Thus, MPC's intent in placing the fiber optic cables on McLaughlin's property is immaterial.

Finally, although McLaughlin contends that MPC has been unjustly enriched by its unauthorized use of the easement, this cause of action is not available to him. "[U]njust enrichment, disgorgement of revenues or gross profits are not and cannot be remedies for an alleged trespass to real property in Mississippi." *McDonald, et al. v. Miss. Power Co.*, No. 2065, Findings of Fact and Conclusions of Law 5 (Jasper County, Miss. Cir. Ct. Jan. 6, 2006); *Ill. Cent. R. Co. v. Hoskins*, 32 So. 150, 151 (Miss. 1902). For all of these reasons, McLaughlin's claims against MPC fail as a matter of law and should be dismissed.

### *The Rule 56(f) Motion*:

Although he responded to MPC's summary judgment motion on the merits,

McLaughlin requested that he be allowed to conduct additional discovery before he was required to respond. Rule 56(f) motions are generally favored and should be liberally granted. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999). In order to prevail, a movant must demonstrate a particular need for additional discovery and that the discovery will create a genuine issue of material fact. *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Additionally, the movant must show that he has been diligent in pursuing needed discovery. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.2d 1388, 1397 (5th Cir. 1994).

According to the affidavit of counsel, "no discovery has taken place as to Plaintiff's claims against Mississippi Power." Pl. Resp. Connor Aff. 2 (¶5), ECF No. 232-1. It is true that this case has been stayed for extended periods of time since it was filed in 2001. However, counsel's statement here conflicts with the New York District Court's finding that "MCI claims, and McLaughlin does not dispute, that McLaughlin conducted significant discovery against MPC in this litigation." *In re Worldcom, Inc.*, 2010 WL 334980, *1.

Regardless, counsel states that additional discovery would yield information that either 1) the fiber optic cable was not related to the provision of power, but was rather a separate profitable venture, or 2) the cable contained excess physical capacity that exceeded MPC's communication needs. Pl. Resp. Connor Aff. 3 (¶6), ECF No. 232-1. As is apparent from the discussion above, the disposition of this summary judgment motion turned exclusively on resolution of legal issues. In the Court's opinion, the facts

McLaughlin seeks to establish would have no effect on the legal issues. McLaughlin's request for additional discovery will therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion for additional discovery under FED. R. CIV. P. 56(f) is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Summary Judgment [219] filed by Defendant Mississippi Power Company is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice. All claims having been resolved, this case may now be closed by the clerk of court. A separate judgment will issue.

**SO ORDERED AND ADJUDGED** this the 4th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE